IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02445-BNB

JAMISON MOORE ALFORD,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -2 2008

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING ACTION AS A PRISONER COMPLAINT AND
DIRECTING MR. ALFORD TO FILE CLAIMS
AND IN FORMA PAUPERIS REQUEST ON PROPER FORMS

---

Jamison Moore Alford is in the custody of the United States Bureau of Prisons (BOP) at FCI Florence. Mr. Alford has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court has reviewed the Application and finds that Mr. Alford is asserting civil rights claims rather than habeas corpus claims. Mr. Alford complains that he is disabled, has a learning disability, and needs audio tapes recordings of all drug treatment books so that he may participate in the Residential Drug and Alcohol Treatment Program authorized under 18 U.S.C. § 3621(b).

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388

(1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Furthermore, medical mistreatment is not cognizable in a federal habeas corpus action. *See United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979). In the instant action, it appears that Mr. Alford's claims arise under the Americans With Disabilities Act, which like claims asserted pursuant to *Bivens* more properly are presented to the Court in a prisoner complaint.

Because Mr. Alford's claims address the conditions of his confinement he will be ordered to complete and to submit a Prisoner Complaint form to the Court if he wishes to pursue his claims. Mr. Alford must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted. Mr. Alford also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form, which is used by a prisoner who is filing a civil complaint, rather than the Motion and Affidavit he submitted previously, which is used by an applicant who is filing a habeas corpus application. Accordingly, it is

ORDERED that the action is construed as a Prisoner Complaint filed pursuant to the Americans With Disabilities Act, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915, entered on November 25, 2008, is vacated. It is

FURTHER ORDERED that the Clerk of the Court shall modify the Docket in the instant action to reflect the proper nature of the action. It is

2

FURTHER ORDERED that Mr. Alford shall complete and file with the Court a Prisoner Complaint form **within thirty days from the date of this Order.** It is

FURTHER ORDERED that Mr. Alford shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or in the alternative pay the $350.00 filing fee within **thirty days from the date of this Order.** It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Alford two copies of the following forms: Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Alford fails to complete and file with the Court a Prisoner Complaint and the proper Motion and Affidavit **within thirty days from the date of this Order**, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court will not review the merits of the Prisoner Complaint until Mr. Alford has filed the Prisoner Complaint and the Motion and Affidavit.

DATED December 2, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02445-BNB

Jamison Moore Alford
Reg. No. 16730-047
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 12/2/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk